UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL M. LYNCH,<br>    Plaintiff, | :<br>:   CASE NO. 3:15-cv-01379 (MPS)<br>: |
| v. | :<br>: |
| STATE OF CONNECTICUT JUDICIAL BRANCH<br>    Defendant. | :<br>:<br>:   August 7, 2019 |

___

## INITIAL REVIEW ORDER AND RULING ON PENDING MOTIONS

### I. Background

This is an action for damages and declaratory and injunctive relief in which the plaintiff, Daniel M. Lynch, alleges that the defendant, the State of Connecticut Judicial Branch ("the Judicial Branch"), failed to accommodate his disability in violation of Title II of the Americans with Disabilities Act ("the ADA") and Section 504 of the Rehabilitation Act. Lynch filed an amended complaint, and the Judicial Branch has filed a motion to dismiss, strike, and/or stay the claims in Lynch's complaint. The court assumes the reader's familiarity with the procedural history of this case and with the Ruling on the Defendant's Motion to Dismiss, rendered by Judge Covello, to whom this case was previously assigned. (ECF No. 51.)

### II. Legal Standard

Section 1915(e)(2) provides that the Court must dismiss a complaint filed by a plaintiff proceeding *in forma pauperis* if it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Although detailed allegations are not required, the complaint must include sufficient facts to afford the

defendant fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

The Court must construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006). A *pro se* plaintiff, however, must nonetheless meet the standard of facial plausibility. *See Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) ("[A] *pro se* complaint must state a plausible claim for relief.").

**III. Lynch's Non-ADA and Rehabilitation Act Claims**

The sole defendant in Lynch's Amended Complaint is the Judicial Branch, a state agency. (ECF No. 62 ¶ 2.) At the outset, the Court notes that Judge Covello's ruling on the Judicial Branch's motion to dismiss presumed that Lynch's sole remaining claims were his ADA and Rehabilitation Act claims against the Judicial Branch.[1] (ECF No. 51 at 1.) However, Lynch's subsequently filed Amended Complaint (ECF No. 62) continues

---

[1] This court has construed Lynch's complaint to state claims under both the ADA and the Rehabilitation Act. (ECF No. 11 at 3.) For present purposes, these claims are identical. *See Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003) ("[A]lthough there are subtle differences between these disability acts, the standards adopted by Title II of the ADA for State and local government services are generally the same as those required under section 504 of federally assisted programs and activities. . . . Indeed, unless one of those subtle distinctions is pertinent to a particular case, we treat claims under the two statutes identically." (citations omitted)).

2

to describe numerous additional claims against the Judicial Branch. These claims include state law claims alleging the violation of judicial oaths (ECF No. 62 ¶ 146), tortious interference (ECF No. 62 ¶ 151-54), and unjust enrichment (ECF No. 62 ¶ 155-57), in addition to references to various federal constitutional and statutory provisions.

**A. Lynch's Non-ADA and Rehabilitation Act Federal Claims**

The Judicial Branch argues that Lynch's non-ADA and Rehabilitation Act federal claims against the Judicial Branch are barred by the Eleventh Amendment. I agree. The Judicial Branch is a protected entity under the Eleventh Amendment. "'The immunity recognized by the Eleventh Amendment extends beyond the states themselves to 'state agents and state instrumentalities' that are, effectively, arms of a state,' . . . *including state courts*." *Richter v. Connecticut Judicial Branch*, 2014 WL 12814444, at *4 (D. Conn. March 27, 2014) (emphasis added) (quoting *Woods v. Rondout Valley Cent. Sch. Dist. Bd. Of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006)); *see also Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment").

Furthermore, both injunctive relief and claims for damages are barred by the Eleventh Amendment. *See Mulready v. Mulready*, 2007 WL 1757055, at *2 (D. Conn. June 19, 2007) ("Unless the state has waived its sovereign immunity, or its immunity is validly abrogated by statute, the plaintiff cannot sue the state or its agencies either for monetary damages or injunctive relief.") (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Cory v .White*, 457 U.S. 85, 91 (1982); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)). As the Judicial Branch points out, none of the federal statutory and

constitutional provisions Lynch cites (other than the ADA) abrogate the state's sovereign immunity. (ECF No. 63 at 14-15.)

Lynch argues that the state has waived its sovereign immunity by way of a resolution passed by the Connecticut General Assembly. (ECF No. 66 at 5-6.) As the Judicial Branch argues, however, this waiver is limited to suits in *state* court, and does not waive the state's Eleventh Amendment immunity to suit in federal court. The resolution vacates the dismissal of the Connecticut Claims Commissioner and authorizes Lynch to sue the state. The state statute governing authorizations to sue the state, however, makes it clear that such authorizations are limited to suits in state court. *See Estate of A.A. v. United States*, 2016 WL 7471634, at *4 (D. Conn. 2016) (citing Conn. Gen. Stat. § 4-160(d)); *Nowacky v. Town of New Canaan*, 2017 WL 1158239, at *6 (D. Conn. Mar. 28, 2017). "A state's consent to suit in its own courts is not a waiver of its sovereign immunity in federal court." *Sossamon v. Texas*, 563 U.S. 277, 285 (2011).[2] Thus, the Judicial Branch's Eleventh Amendment immunity from suit in federal court continues to apply.

Consequently, to the extent Lynch's non-ADA and Rehabilitation Act federal claims against the Judicial Branch have not been dismissed by previous rulings of this

---

[2] Although the General Assembly rather than the Claims Commissioner granted the authorization in this case, the authorization was nonetheless granted with respect to a claim first brought before the Claims Commissioner. And Section 4-160(d)—the statutory provision indicating that only authorization of suit in state court is contemplated—applies to "any claim presented to the Office of the Claims Commissioner for which authorization to sue is granted," irrespective of whether it is the Claims Commissioner, under Section 4-160(d), or the General Assembly, under Section 4-159, that grants the authorization.

Court, they are hereby DISMISSED.

**B. Lynch's State-Law Claims**

The Judicial Branch further argues that Lynch's state law claims against the Judicial Branch are also barred by the Eleventh Amendment. I agree. "It is clear, of course, that in the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 117 (1984) (holding that "a federal suit against state officials on the basis of state law contravenes the Eleventh Amendment when—as here—the relief sought and ordered has an impact directly on the state itself."). Furthermore, "this jurisdictional bar applies regardless of the nature of the relief sought." *Id.* at 100. Consequently, to the extent that Lynch's state-law claims against the Judicial Branch have not already been dismissed by this Court, those claims are hereby dismissed.

**IV. Lynch's ADA and Rehabilitation Act Claims**

Lynch's Amended Complaint also alleges claims against the Judicial Branch under the ADA and the Rehabilitation Act. These claims relate to four different state-court lawsuits Lynch has been involved in: (1) a dissolution of marriage commenced in 2008 ("the dissolution action") (ECF No. 62 ¶ 158); (2) a collection action commenced in 2010 ("the collection action") (ECF No. 62 ¶ 159); (3) a property foreclosure action commenced in 2015 ("the foreclosure action") (ECF No. 62 ¶ 160); and (4) a small claims action commenced in 2015 ("the small claims action") (ECF No. 62 ¶ 161).

**A. ADA and Rehabilitation Act Claims Stemming from the Dissolution Action and the Collection Action**

The Judicial Branch argues that Judge Covello's ruling dismissed Lynch's ADA and Rehabilitation Act claims to the extent that they are based on the dissolution action and the collection action under the *Rooker-Feldman* doctrine. (ECF No. 63 at 9-10.) I agree and concur in Judge Covello's ruling.

"Under the *Rooker-Feldman* Doctrine, lower federal courts lack subject-matter jurisdiction over claims that effectively challenge state-court judgments." *In re Wilson*, 410 Fed. Appx. 409, 410 (2d Cir. 2011) (slip op.) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)). *Id.*

This Court previously ruled that the *Rooker-Feldman* doctrine bars Lynch's claims to the extent that they "are based on cases in which the state court rendered judgment prior to the commencement of this action." (ECF No. 51 at 9.) Lynch argues that the *Rooker-Feldman* doctrine does not apply because his injuries were not "caused by" the state court judgments and that the state court judgments at issue were void in any case. (ECF No. 66 at 7.) As the Judicial Branch points out (ECF No. 68 at 5-6), however, Judge Covello's previous ruling resolves these questions, and given that Lynch has failed to identify any clear errors of law or other compelling reasons for doubting the Court's ruling, the Court will not here revisit these issues. "[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Int'l Ore & Fertilizer Corp. v. SGS Control Serv., Inc.*, 38 F.3d 1279, 1287 (2d Cir. 1994) (quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953

(2d Cir.)); *see also* D. Conn. L. R. 7(c)(1) (motions for reconsideration "will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order.").

Lynch acknowledges in his Amended Complaint that judgment was entered in the dissolution action in 2009 (ECF No. 62 ¶ 158) and in the collection action in 2014 (ECF No. 62 ¶ 159). Thus, the portions of Lynch's ADA and Rehabilitation Act claims against the Judicial Branch that stem from these two actions are dismissed, consistent with Judge Covello's previous ruling.

**B. ADA and Rehabilitation Act Claims Stemming from the Foreclosure Action and the Small Claims Action**

Lynch's sole remaining claims are his claims under the ADA and the Rehabilitation Act stemming from the foreclosure action and the small claims action. The Judicial Branch argues that these remaining claims should be stayed pending the resolution of Lynch's state-court proceedings. The Judicial Branch has indicated that the foreclosure action is ongoing (ECF No. 63-1 at 21-22), and Lynch has alleged the same in his Amended Complaint (ECF No. 62 ¶ 160). Lynch further indicates that he has previously raised his ADA and Rehabilitation Act claims in the foreclosure action. *Id.* Given that Lynch's ADA and Rehabilitation Act claims have been raised in parallel state court proceedings, and assuming those proceedings are indeed ongoing, Lynch may receive some or all of the requested relief in those ongoing proceedings. Thus, staying the claims currently before this court would serve to avoid piecemeal litigation. *See, e.g.*, *Read v. Corning Inc.*, 2018 WL 6710925, at *13 (W.D.N.Y. Dec. 21, 2018) (granting stay of CERCLA damages claim to avoid "piecemeal litigation"); *Clowdis v.*

7

*Silverman*, 666 F. App'x 267, 270 (4th Cir. 2016) (ordering stay of plaintiff's claims under the ADA).

A review of the public docket in the foreclosure action, however, suggests that there has been no activity since April 8, 2019 and that the property that is the subject of the action was sold on April 12, 2018. *See Central Mortgage Co. v. Lynch et al.*, FBT-CV15-6047655-S, Docket No. 200.00 (Conn. Sup. Ct. Apr. 12, 2018). From a search of the state appellate court docket, it also does not appear that Lynch has any pending appeals. Thus, it is not clear that the foreclosure proceeding is ongoing in the sense that there remains any foreseeable avenue through which Lynch might obtain the relief he is seeking. As determination of this question could benefit from the parties' input, the parties are each directed to file a memorandum within **14 days**, of no more than **five double-spaced pages**, limited to addressing the present status of the foreclosure action, and specifically whether there remains any prospect for Lynch to obtain some or all of his requested relief on the ADA and Rehabilitation claims in those proceedings, whether directly or on appeal. The parties are directed to refer to Local Rule 7(a)(5) for instructions regarding the formatting of memoranda.

## V. The Judicial Branch's Motion to Strike

The Judicial Branch moves to strike the portions of Lynch's complaint that have been dismissed, along with the related factual allegations. In exercise of my discretion regarding motions to strike, I DENY that motion.

"Resolution of a Rule 12(f) motion is left to the district court's discretion, and such motions are generally disfavored and infrequently granted." *Maratea v. State of Connecticut Dep't of Educ.*, 2016 WL 777902, at *4 (D. Conn. Feb. 29, 2016); *see*

8

*also First Aviation Servs., Inc. v. NetJets, Inc.*, 2014 WL 3345175, at *3 (D.N.J. July 8, 2014) (noting that although motions to strike pleadings are allowed under Rule 12(f), they are disfavored and "are commonly a waste of everyone's time."); *Holmes v. Fischer,* 764 F.Supp.2d 523, 532 (W.D.N.Y.2011) ("[M]otions to strike are disfavored and not routinely granted, and it is the movant's burden to demonstrate prejudice by the inclusion of the alleged offending material."). In order to prevail on its motion to strike, the Judicial Branch "must demonstrate that (1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; *and* (3) that to permit the allegations to stand would result in prejudice to the movant." *HSN Nordbank AG v. RBS Holdings USA Inc.*, 2015 WL 1307189, at *3 (S.D.N.Y. Mar. 23, 2015) (citation and quotation marks omitted, emphasis added).

For one, although many of the factual allegations that remain in the complaint cannot form the basis of Lynch's remaining claims, the Judicial Branch has failed to show they "have no bearing on the issues in the case." These allegations may be necessary for Lynch to support his narrative, although I make no determination about the admissibility of any evidence supporting the extraneous factual allegations at this time. "[Q]uestions of relevancy and admissibility in general require the context of an ongoing and unfolding trial in which to be properly decided. And ordinarily neither a district court nor an appellate court should decide to strike a portion of the complaint on the grounds that the material could not possibly be relevant on the sterile field of the pleadings alone." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976).

Furthermore, the Judicial Branch has failed to show that permitting the allegations to remain in the complaint would result in prejudice to the Judicial Branch. I do not submit the complaint to the jury, and even if I did, I would enforce the *Rooker-Feldman* ruling and instruct the jury to consider allegations related to dismissed claims only for background. The Court will not ultimately submit to the jury or otherwise further adjudicate claims that have already been dismissed, regardless of whether they continue to appear in the complaint. Because it would serve no useful purpose for the Court to edit the complaint, the Judicial Branch's motion to strike is DENIED.

## VI. Conclusion

For the foregoing reasons, Lynch's claims under the ADA and the Rehabilitation Act stemming from the dissolution action and the collection action are DISMISSED. Lynch's sole remaining claims are his claims under the ADA and the Rehabilitation Act stemming from the foreclosure action and the small claims action. Lynch's other state and federal claims are also DISMISSED. The Judicial Branch's motion to strike (ECF No. 63) is DENIED. Lynch's motion to stay (ECF No. 65) is DENIED as moot because the case is no longer assigned to Judge Covello. As noted, the parties shall within **14 days** submit a memorandum of no more than **five double-spaced pages** providing an update on the status of the foreclosure action.

IT IS SO ORDERED

/s/
Michael P. Shea
United States District Judge

Dated: Hartford, Connecticut
August 7, 2019